UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIER POOLS MANAGEMENT CORP., a Nevada corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>COLONY INSURANCE COMPANY, a Virginia corporation,<br><br>  Defendant. | No.  2:13-cv-02038-JAM-EFB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

This matter is before the Court on Plaintiff Premier Pools Management Corp.'s ("Premier Pools") Motion for Partial Summary Judgment (Doc. #12) and Defendant Colony Insurance Company's ("Colony") Motion for Summary Judgment (Doc. #14).[1] Colony filed an opposition to Premier Pools' motion (Doc. #13).  Premier Pools filed an opposition to Colony's motion and a Reply to its opposition (Doc. #16).  Colony replied (Doc. #17) to Premier

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 26, 2014.

1

Pools' opposition. Both parties correctly agree that California law applies to determine whether a duty to defend exists. Cal. Civ. Code § 1646; <u>Frontier Oil Corp. v. RLI Ins. Co.</u>, 153 Cal.App.4th 1436, 1448 (2007).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The First Amended Complaint (Doc. #8) ("FAC") states a sole cause of action against Colony for declaratory relief regarding Colony's alleged breach of its duty to defend Premier Pools. In the FAC, Premier Pools states that it was sued by Premier Pools, Inc. ("PPI") in another action, <u>Premier Pools, Inc. v. Premier Pools Management Corp., dba Premier Pools and Spas, Inc., et al.</u> ("PPI Action"), and, after being notified, Colony refused to observe its duty to defend Premier Pools in the PPI Action.

Premier Pools is a corporation organized under the laws of the State of Nevada. Colony Resp. to Premier Pools' Statement of Undisputed Facts (Doc. #13-1) #1. Colony is a Virginia corporation. <u>Id.</u> #2. Colony issued an insurance policy effective November 8, 2010; the policy was later renewed with all relevant terms identical in both policies (collectively "the Policies"), thereby extending the continuous coverage under the Policies through November 8, 2012. <u>Id.</u> 3-4. The Declarations Certificate lists "DP Aquatics Inc. dba Premier Pools Spas & Patio" ("DP Aquatics") as the insured entity under the Policies. Porter Decl. (Doc. #12-3) ¶¶ 3-4, Exh. 1-2. (Doc. #12-4 & 12-5). The application submitted for the Policies listed DP Aquatics as the applicant. Porter Decl. ¶ 5, Exh. 9 (Doc. #12-12). It is undisputed that DP Aquatics is a corporation organized under the

2

laws of the State of California.  Premier Pools' Response to Colony's Statement of Facts (Doc. #16-1) #24.

Colony had previously defended Premier Pools in another matter, <u>Davis v. Premier Pool and Spas, Gregg Gray, and Premier Pools Management Inc.</u> ("Davis Suit"), even though DP Aquatics was not named as a defendant.  Colony's Resp. to Premier Pools' Statement of Undisputed Facts (Doc. #13-1) #7-8.  In the PPI Action, PPI accuses Premier Pools of improperly using its trademark and name among other claims.  Resp. to SUF (Doc. #16-1) #2.  On March 1, 2013, about eight months after the PPI Action was filed and four months prior to the commencement of trial, Premier Pools provided notice to Colony of the suit and requested defense under the terms of the Policies.  <u>Id.</u> #26.  By letter dated March 28, 2013, Colony notified Premier Pools that it was denying coverage and defense of the PPI Action.  <u>Id.</u> #27.  After submitting proof of a name change request, on September 19, 2013, the named insured in the Policies was changed to "DP Aquatics Inc./Premier Pools Management Company dba: Premier Pools and Spas."  <u>Id.</u> #30-33.

Plaintiff brings the present motion seeking a declaratory judgment that Colony owed Premier Pools a defense in the PPI Action and is required to pay all reasonable defense expenses. Premier Pools MSJ at p. 25.  Colony brings its own motion seeking judgment as a matter of law in its favor on the grounds that Premier Pools is not an insured under the Policies, and that even if it was, the claims in the PPI Action do not fall within the Policies' coverage for "personal and advertising injury" as alleged by Premier Pools and that any alleged coverage is

3

specifically excluded by the terms of the Policies.  Colony MSJ at p. 1.

## II.   OPINION

### A.   Legal Standard

"An insurer has a very broad duty to defend its insured under California law."  Anthem Electronics, Inc. v. Pac. Employers Ins. Co., 302 F.3d 1049, 1054-55 (9th Cir. 2002).  The California Supreme Court has stated that an insurer must defend an insured if the underlying suit even "*potentially*" seeks damages within the coverage of the policy at issue.  Horace Mann Ins. Co. v. Barbara B., 4 Cal. 4th 1076, 1081 (1993) (citing Gray v. Zurich Ins. Co., 65 Cal.2d 263 (1966)).  "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy."  Id.

### B.   Judicial Notice

Colony requests judicial notice (Doc. #14-2) of two facts, and Premier Pools opposes the request (Doc. #16-4).  Colony desires the Court to take notice that Premier Pools is a Nevada corporation and DP Aquatics is a California corporation.  Because these facts are undisputed in this case, the Court need not and does not grant the formal request for judicial notice presented by Colony.  Premier Pools' Resp. to Colony's Statement of Facts (Doc. #16-1) #1, #24.

### C.   Evidentiary Objections

Colony filed Objections (Doc. #13-2) to the declaration of Paul Porter (Doc. #12-3), and Premier Pools responded (Doc. #16-

3).  The Court hereby sustains the first two objections insofar as they relate to Porter's *interpretation* of the Policies.  The Court relies on the Policies themselves to determine whether Premier Pools was an insured under them, rather than conclusory statements made in a declaration.  The Court overrules the third objection.  The payment authorization form included in Exhibit 9 to Porter's Declaration is part of what the Court will consider the "application materials."

Premier Pools filed objections (Doc. #16-2) to the declaration of Suzanne Patton (Doc. #14-3).  The first objection is sustained.  Again, the Court will rely on the facts of the case and the Policies themselves to determine whether Premier Pools is an insured under the Policies, rather than rely on conclusory statements in declarations interpreting them.  Premier Pools' second objection is overruled.  Patton's statement that her company did not receive the information necessary to make the coverage determination until September 19, 2013, is a statement of fact based on her personal knowledge of what was necessary to make a coverage determination rather than an opinion.  It is not rendered an "inadmissible conclusion" pursuant to Federal Rule of Evidence 701.

   D.   Colony's Motion for Summary Judgment

Colony bases its motion for summary judgment on three grounds: (1) Premier Pools is not an insured under the Policies, and therefore, has no standing; (2) the claims in the underlying action do not fall within the Policies' coverage under any of the offenses included in the definition of "personal and advertising injury"; and (3) even were the claims covered by

certain provisions of the Policies, coverage is barred by Exclusion "i".

### 1. Standing

Colony first contends Premier Pools is not an insured under the Policies and therefore lacks standing to bring this action. Col. MSJ at pp. 9-13. It points to the fact that the only entity named in the Policies is DP Aquatics. Colony relies on language from the Policies defining who is covered by its terms:

> SECTION II - WHO IS AN INSURED
>
> 1. If you are designated in the Declarations as:
>
> . . .
>
> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds . . . . Your stockholders are also insureds . . . .

Undisputed Fact #25 (Doc. #16-1). Colony argues that because Premier Pools is a separate corporation, organized under a different state's laws, it does not qualify as an insured under the Policies as the only entity named in the Declarations Certificate is DP Aquatics.

In the FAC, Premier Pools states that pursuant to the doctrine of equitable estoppel it is an insured under the Policies. FAC ¶ 16. In its opposition, Premier Pools restates this argument but also contends that Colony (or its agent) "mistakenly failed" to list Premier Pools on the Declarations Certificate. Opp. to Col. MSJ (Doc. #16) at pp. 1-6. Premier Pools insists the Court should therefore reform the Policies to list Premier Pools as an insured. However, Premier Pools may not assert a theory of its insured status by seeking a remedy,

6

reformation of the contract, which was not mentioned in its complaints, for the first time in its opposition to the opposing party's motion for summary judgment. Oyarzo v. Tuolumne Fire Dist., 955 F. Supp. 2d 1038, 1068-69 (E.D. Cal. 2013); Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1079-80 (9th Cir. 2008). The Court therefore need not address the reformation argument and moves to Premier Pools' theory that it should be considered an insured based on the doctrine of equitable estoppel.

"'A valid claim of equitable estoppel consists of the following elements: (a) a representation or concealment of material facts (b) made with knowledge, actual or virtual, of the facts (c) to a party ignorant, actually and permissibly, of the truth (d) with the intention, actual or virtual, that the ignorant party act on it, and (e) that party was induced to act on it.' (13 Witkin, Summary of Cal. Law [(10th ed. 2005)] Equity, § 191, pp. 527–528.)" Advanced Network, Inc. v. Peerless Ins. Co., 190 Cal. App. 4th 1054, 1067 n.5 (2010)

Premier Pools contends that the first element is established because Colony misrepresented or concealed the fact that Premier Pools was not an insured either (1) when Colony calculated the premiums on the Policies based on Premier Pools' revenues and accepted payments from Premier Pools for those premiums, or (2) when Colony defended Premier Pools in the Davis Suit. FAC ¶¶ 12-17; Opp. at pp. 1-2, 4-6.

The Court finds there is no evidence that Colony ever misrepresented to Premier Pools that it was an insured under the Policies or concealed the fact that it was not. The Supreme

Court of California has held:

> Insurance policies are contracts and, therefore, are governed in the first instance by the rules of construction applicable to contracts. Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs its interpretation. ([Cal.] Civ.Code, § 1636.) Such intent is to be inferred, if possible, **solely from the written provisions of the contract.** (Id. § 1639.) The "clear and explicit" meaning of these provisions, interpreted in their "ordinary and popular sense," controls judicial interpretation unless "used by the parties in a technical sense, or unless a special meaning is given to them by usage." (Id. §§ 1638, 1644.) **If the meaning a layperson would ascribe to the language of a contract of insurance is clear and unambiguous, a court will apply that meaning.**

Montrose Chem. Corp. v. Admiral Ins. Co., 10 Cal. 4th 645, 666-67 (1995) (emphasis added). The Declarations Certificate explicitly list DP Aquatics as the only insured. Section II(1)(d) of the Policies clearly states that only the named insured (and its officers, directors, and shareholders) is covered by the terms of the Policies. Undisputed Fact #25 (Doc. #16-1). The Policies were even renewed with the same party listed as the insured.

The Court does not find this language ambiguous or a misrepresentation or concealment of Premier Pools' insured status. Despite the curious decision of Colony to defend Premier Pools in the previous matter, the Court cannot ignore the plain language of the contract to extend coverage to another, unnamed party. See Advanced Network, Inc., 190 Cal. App. at 1066-67 (discussing the well-settled principle that estoppel cannot be used to create coverage under an insurance policy where such coverage did not initially exist). Therefore, Premier Pools is not an insured under the Policies, and thus, Colony has no duty to defend it in the PPI Action. Accordingly, Colony's motion for

summary judgment is granted on the sole cause of action in the FAC.

Given that the Court finds Premier Pools is not an insured under the Policies, it is unnecessary to address Colony's remaining arguments regarding the coverage provisions within the Policies upon which Premier Pools relies.  Similarly, because the Court finds Premier Pools is not entitled to coverage under the Policies, its Motion for Partial Summary Judgment seeking a declaratory judgment that Colony owed it a defense and is required to pay all reasonable defense expenses is denied.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Colony's Motion for Summary Judgment and DENIES Premier Pools' Motion for Partial Summary Judgment.

IT IS SO ORDERED.

Dated:  April 4, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE